# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P:(410) 962-4953 — F:(410) 962-2985**

November 5, 2025

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:   *Jonathan Weinberg v. Frank Bisignano, Social Security Administration*[1]
      Civil No. 1:24-cv-3517-JMC

Dear Counsel:

Presently pending is Plaintiff's Motion to Reconsider (ECF No. 17) this Court's September 16, 2025, Letter Order ("September 16 Order") (ECF No. 16), which denied Plaintiff's petition for remand (ECF No. 1). Defendant "will not be filing a response to Plaintiff's Motion for Reconsideration, as the Commissioner believes that the issues set forth in this matter were properly and fully resolved by the Court." (ECF No. 21). The Motion is fully briefed (ECF Nos. 17) and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons discussed below, and after further review of the ALJ's Opinion, I agree that the ALJ's analysis did not comply with *Araks*, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

It is true that fibromyalgia is a unique disease with symptoms that are entirely subjective. *Arkas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). Indeed, "physical examinations of patients with fibromyalgia will usually yield normal results — a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions…" *Id.* (brackets omitted). Accordingly, the Fourth Circuit held "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Id.* Of course, Plaintiff was "entitled to rely exclusively on subjective evidence." *Id.* at 96. At issue in the present motion is whether the ALJ's analysis applied objective medical evidence, even as one of multiple factors, to discredit Plaintiff's report of pain.

After *Arkas*, this Court has considered similar issues before. *E.g.*, *Angela W. v. Kijakazi*, Civil No. 22-1763-BAH, 2023 WL 5487259, at *3-*4 (D. Md. Aug. 24, 2023). In *Angela W. v.*

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on December 5, 2024. (ECF No. 1). As Frank Bisignano became the Commissioner of Social Security on May 6, 2025, he has been substituted as this case's Defendant. *See* Fed. R. Civ. P. 25(d).

1

*Kijakazi*, this Court considered whether ALJ's evaluation of the plaintiff's fibromyalgia complaints contravened *Arkas* on a motion for reconsideration. *Id.* There, like in this case, the plaintiff suffered from multiple impairments, including fibromyalgia. *Id.* at *3. The Court recognized that ALJ and summary judgment opinion "imprecisely cited to objective findings…about [the plaintiff's] degenerative disc disease when discussion how the ALJ evaluated Plaintiff's fibromyalgia symptoms." *Id.* Nevertheless, the Court was "unpersuaded that the ALJ's references to these objective findings amounted to a discreditation of Plaintiff's fibromyalgia symptoms" because the evidence in the case related not just to fibromyalgia, but also to "obesity and degrative disc disease." *Id.* Accordingly, the Court considered that the ALJ's references to evidence concerning strength and sensation, lumbar imaging, normal sensation, motor function, station, reflexes, range of motion, antalgic gait, and spinal imaging, "[fail] to reveal that the ALJ used these objective findings to discount (or suggest they were related to) Plaintiff's fibromyalgia." *Id.* The Court further noted that the ALJ did explicitly discuss the plaintiff's fibromyalgia complaints and did not discount the intensity or limiting effects of those complaints. *Id.* at *4.

Further, in *Natalie M. v. O'Malley*, this Court held an ALJ contravened *Arkas* when "they relied on objective evidence" by referencing the plaintiff's "lack of 'joint tenderness.'" *Natalie M. v. O'Malley*, Civil No. 23-1525-CDA, 2024 WL 3819295, at *4 (D. Md. Aug. 14, 2024); *see also Christina W. v. O'Malley*, Civil No. 23-1325-CDA, 2024 WL 3819343, at *4 (D. Md. Aug. 14, 2024) (remanding a case for further consideration under *Arkas* because "the ALJ drew no explicit distinction between Plaintiff's fibromyalgia-related allegations and her allegations concerning other impairments."); *John W. v. Kijakazi*, Civil No. 23-117-BAH, 2023 WL 5938774, at *4 (D. Md. Sep. 12, 2023) (remanding a case for further consideration under *Arkas* when the ALJ reasoned the plaintiff's fibromyalgia treatment was effective because it produced evidence of normal gait and range of motion).

After further review, the Court agrees with Plaintiff that the ALJ's reasoning contravenes *Arkas* in context cases like those discussed above. Much of the ALJ's opinion is proper. (ECF No. 8-3 at 35). Indeed, the ALJ considered whether Plaintiff's symptoms from multiple impairments were consistent with the available evidence on the record. The ALJ made explicit reference to each specific impairment throughout the analysis. *Christina W.*, 2024 WL 3819343, at *4. Further, the ALJ considered whether Plaintiff's self-reported subjective activity and frequent travel was consistent with his reports of pain. (ECF No. 8-3 at 35). The ALJ also credited that Plaintiff's fibromyalgia "could result in limitations greater than the objective physical findings might otherwise suggest.[2]" *Id.*

However, the Court finds Plaintiff's emphasis on one sentence in the ALJ's analysis persuasive. Specifically, Plaintiff's emphasis on the ALJ's remark that Plaintiff tested positive for "only 8 out of 18" tender-points is well taken. After further consideration, it does appear that the following analysis impermissibly considers objective medical evidence as one of several factors to discredit Plaintiff's fibromyalgia symptoms:

> The claimant also has fibromyalgia and chronic fatigue syndrome, which could result in limitations greater than the objective physical findings might otherwise

---

[2] The Court notes, however, that the ALJ's credit to the subjective nature of fibromyalgia does not provide the same credit as that in *Angela W.*, 2023 WL 5487259, at *4 (including explicit reference to Plaintiff's specific statements).

> suggest (Exhibit 54F/1). He does see a rheumatologist (Exhibit 8F/1). He has had positive tender point testing, but only 8 out of 18 points were positive (Exhibit 22F/4). However, despite these conditions, the claimant can still perform a number of significant activities of daily living. He can cook simple meals for himself. He can still drive a car. He can also shop in stores (Exhibit 3E/3-5). Furthermore, he has been able to travel despite his impairments, including trips to Bangkok, Bali, Malaysia, Japan, Vietnam, Singapore, North Carolina, and New York (Exhibit 7F/50, 32F/1, 44F/277, 54F/24).

(ECF No. 8-3 at 35).

It is well-taken that the ALJ's consideration of "only 8 out of 18" tender-points discredited Plaintiff's fibromyalgia symptoms. In *Natalie M.*, similar reference was made to joint tenderness. *Natalie M.*, 2024 WL 3819295, at *4. While the ALJ in *Natalie M.* explicitly relied on a "lack" of joint tenderness, the ALJ's use of the word "only" in this case is problematic. *Id.* Though the ALJ did not explicitly say so, the Court agrees with the Plaintiff that the ALJ's use of the word "only" suggests otherwise. *Id.* Further, unlike the ALJ's opinion in *Angela W*, the ALJ's narrative in this case inserted reference to objective medical evidence immediately after the narrative raised consideration of Plaintiff's fibromyalgia. *Angela W.*, 2023 WL 5487259, at *3. Consistent with *Arkas*, *Angela W.*, and *Natalie M.*, the ALJ's inclusion of "only 8 out of 18" tender-points justifies remand. *Arkas*, 983 F.3d at 97; *Angela W.*, 2023 WL 5487259, at *3; *Natalie M.*, 2024 WL 3819295, at *4. Therefore, I must remand the case to the Commissioner for further analysis consistent with *Arkas*.

For the reasons set forth herein, Plaintiff's Motion to Reconsider (ECF No. 17) is GRANTED. The case is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination. The clerk is directed to CLOSE the case.

Despite the informal nature of this letter, it should be flagged as an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

    Sincerely yours,

    _____/s/_____
    J. Mark Coulson
    United States Magistrate Judge